UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PRODIGY FINANCE LIMITED, :
 :
        Petitioner, :
 : **DECISION AND ORDER**
   v. : 19-CV-6458 (WFK)(RER)
 :
AFELUMO JIDE FUNSHO, :
 :
        Respondent. :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On February 8, 2019 an arbitrator issued an award (the "Award") finding Afelumo Jide Funsho ("Respondent") had breached a Loan Agreement (the "Agreement") with Prodigy Finance Limited ("Petitioner") by failing to comply with his repayment obligations including applicable interest. *See* ECF No. 1-1. Petitioner now moves for confirmation and enforcement of the arbitration award. Petitioner, ECF No. 1. On the basis of the law and facts discussed below, the Court CONFIRMS the Award, GRANTS Petitioner's motion for summary judgment, and finds the total judgment Respondent must pay Petitioner to be $105,564.80.

## BACKGROUND

On or about November 25, 2014, Prodigy Finance Limited ("Petitioner" or "Prodigy") and Afelumo Jide Funsho ("Respondent") executed a Loan Agreement (the "Agreement"), under which Petitioner agreed to lend Respondent the sum of $60,750.00 (the "Loan") comprised of: (1) a principal sum of $60,000.00 to finance the tuition fees due and payable by Respondent for the course in which he was enrolled; plus (2) an administrative fee of $750.00 payable to Petitioner. *See* Petition ¶ 14, ECF No. 1. On or about November 27, 2014, Prodigy assigned MBA Community Loans PLC ("MCL") all of its legal and beneficial rights under the Loan Agreement (the "Assignment"). *Id.* ¶ 19. Prodigy receives a management fee from MCL to act as loan servicer. *Id.* ¶ 11. As part of its duties as loan servicer, Prodigy pursues debtors for unpaid and defaulted loans, including the loan at issue in this instant matter. *Id.*

Respondent has made the following payments on the Loan: (1) on or about March 17, 2017, the amount of $157.68; (2) on or about April 10, 2017, the amount of $650.00; and (3) on March 7, 2018, the amount of $150.00, for a total of $957.68. *Id.* ¶ 16. Respondent made no other payments due under the Loan Agreement. *Id.* ¶ 18

By a Request for Arbitration dated July 4, 2018, MCL commenced an arbitration against the Respondent ("Arbitration"). *Id.* ¶ 44. The Arbitrator ruled in favor of MCL, and accepted MCL's calculation of the amounts due from Respondent as of the February 7, 2019 final award. *Id.* ¶ 55. The $82,771.68 Award consisted of $78,882.24 (original loan amount less repayment + interest) and $3,889.44 (additional interest). *Id.* The Arbitrator further decided Respondent's absence and non-participation in the Arbitration, despite ample notice, warranted a 14-day period for Respondent to pay MCL the sum awarded. *Id.* ¶ 56. The Arbitrator further (1) awarded MCL reimbursement from Respondent of MCL's legal costs and fees in the amount of £5,204.00 and (2) found Respondent liable to and responsible for indemnifying Prodigy for all London Court of International Arbitration ("LCIA") costs and fees in connection with the Arbitration (including fees payable to the Arbitrator) in the total amount of £8,817.49. *Id.* ¶ 57–58. To date, Respondent has paid neither MCL nor Prodigy any portion of the amount due under the final Award. *Id.* ¶ 60.

**DISCUSSION**

It is well established that "judicial review of an arbitrator's interpretation of a collective bargaining agreement is extremely limited." *1199 SEIU United Healthcare Workers E. v. Lily Pond Nursing Home*, 07-CV-408, 2008 WL 4443945, at *4 (S.D.N.Y. Sept. 29, 2008) (Francis, Mag.) (citing *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2011)). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes

what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gotdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (internal quotation marks and citations omitted).

On November 15, 2019, Petitioner filed a Petition seeking confirmation and enforcement of the Award and attorneys' fees. *See* Petition. On April 26, 2020, the Court ordered a briefing schedule. On May 19, 2020, Petitioner submitted a motion for summary judgment. Respondent did not submit any response. On April 6, 2021, Court ordered Respondent to respond by April 16, 2021. To date, Respondent has failed to respond, answer, move, or otherwise appear in this proceeding. Furthermore, the Court has reviewed the record in this case and determined the facts of the case support the Arbitrator's decision.

Accordingly, the Court CONFIRMS the Award and GRANTS Petitioner's motion for summary judgment. In addition to the final Arbitration Award of $82,771.68, the Court also awards Petitioner $19,393.12 in total awarded arbitration legal fees and costs, and $3,400.00 in attorneys' fees. *See* Decl. of Jorge Salva ¶ 9–16, ECF No. 16.

## CONCLUSION

On the basis of the record and law as set forth above, the Court AFFIRMS the Award and GRANTS Petitioner's motion for summary judgment. The total judgment, consisting of the Award, cost of arbitration, and attorneys' fees is $105,564.80. The Clerk of Court is respectfully instructed to close this case.

**SO ORDERED.**

**s/ WFK**
_____

/S/ WILLIAM F. KUNTZ II
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 6, 2021
      Brooklyn, New York